UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **KATHLEEN MILES** | * | **CIVIL ACTION NO. 10-1628** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is an application for attorney fees [doc. # 18] filed by plaintiff Kathleen Miles pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle, but opposes the reasonableness of the hours claimed by counsel. *See* Def. Response [doc. # 20]. As further explained below, it is recommended that the motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $1,779.00 (11.86 hours at $150.00 per hour).

**I.    EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.

*Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

The EAJA is a partial waiver of sovereign immunity, and thus must be strictly construed in the government's favor. *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir.1996) (citation omitted). "An award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, 2005 WL 2285403, *2 (5th Cir. Sept. 19, 2005) (unpubl.) (citation omitted). The district court's reasonableness determination under the EAJA parallels the procedure outlined in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983), for fees awarded under 42 U.S.C. § 1988. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320 (1990). Using this approach, the starting point for settling upon a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*. The product of this calculation is commonly referred to as the "lodestar" amount. *Farrar v. Hobby*, 506 U.S. 103, 118, 113 S.Ct. 566, 577 (1992).

Although "more than a mere 'rough guess' or initial approximation of the final award to [be] made,"[2] the lodestar amount is not per se dispositive. *See Hensley, supra*. After computing the lodestar amount, the court must determine whether it should be adjusted in light of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3]

---

[1] On February 15, 2012, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings. (Judgment [doc. # 17]).

[2] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted).

[3] The 12 *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary

However, many of the *Johnson* considerations are subsumed within the initial calculation of the lodestar amount. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939.

II.     **Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration);

---

fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

3

2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment). In this case, plaintiff's requested hourly rate comports with *Williams, supra*.

### III.     Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Counsel for the prevailing party is obliged to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . . . 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley, supra* (citation omitted).

Moreover, the Supreme Court has held that purely clerical tasks may not be properly billed at an attorney rate, regardless of who performs them. *See Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, n.10 (1989). The Fifth Circuit also has recognized that clerical duties are an overhead expense which should not to be recompensed as an attorney's fee award. *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-326 (5th Cir. 1980).

Here, counsel for plaintiff claimed a total of 12.06 hours for successfully prosecuting this case. (Decl. of John Ratcliff and attached Invoice). In so doing, he spent but 6.24 hours preparing his initial brief in this matter. *Id*. He also expended 2.43 hours to prepare and file a reply memorandum. *Id*. The court notes that counsel works much more expeditiously than other

social security practitioners,[4] and does not waste time with a recitation of the medical record or advance arguments unlikely to prevail. Despite the relative bargain that the public fisc enjoys for cases successfully prosecuted by this practitioner (versus other practitioners), the Commissioner seeks to reduce counsel's already conservative hours by .9 for clerical tasks and by .93 for a motion for extension of time.

      The clerical duties challenged by the Commissioner include

      11/03/2010    Receipt of summons attempted, but not yet online (0.20 hours)

      11/22/2010    Receipt of ret rec from US Atty (0.30 hours)

      12/02/2010    Receipt of ret rec from US AG and SSA OGC (0.20 hours)

      12/15/2010    File return on service with Court; posted in computer (0.20 hours)

Of the foregoing items, the court will sustain solely the Commissioner's objection to the filing of the return of service with the court. As the attorney who is responsible for the handling and advancement of the case, counsel is permitted to review the summons and return receipts to ensure timely and proper service. However, the actual filing of the return of service is a ministerial task that can be performed by staff.

      As for the motion for extension of time, the court shares the Commissioner's concern that counsel should not be compensated financially for his failure to meet court-ordered deadlines. Moreover, counsel habitually seeks motions for extensions of time in his cases. On the other hand, counsel did not seek compensation for his second motion for extension of time filed herein. Counsel also maintains a significant caseload, and has experienced a series of health issues in

---

[4] *Compare e.g.*, *Tolliver v. Astrue*, Civil Action No. 11-0039 (W.D. La. [doc. # 18]) (Commissioner did not oppose EAJA fee award of $5,325.00 for 35.5 hours of work); *Strong v. Astrue*, Civil Action No. 10-1406 (W.D.La. [doc. # 21]) (Plaintiff awarded EAJA fees of $5,085.00 based upon 33.9 hours of work); *Hanson v. Astrue*, Civil Action No. 10-1323 (W.D. La. [doc. # 26]) (Plaintiff awarded EAJA fees of $5,962.50 for 39.75 hours of work).

recent years.  The court further notes that, in another recent case, the Commissioner did not object to compensating the plaintiff for filing a motion for extension of time.  *See Tolliver, supra*.

In this instance, and given the overall modest claim for fees, the court will allow counsel to claim the time that he spent to extend his briefing deadline.  Going forward, however, counsel is directed to exercise billing judgment and refrain from seeking compensation for extensions of time, except under extraordinary circumstances.  Even then, it should not take almost an hour to prepare and file the motion.  *Compare Tolliver, supra* (.4 hours) and *Chandler v. Astrue*, Civil Action No. 09-0754 (W.D. La. [doc. # 34]) (.75 was the maximum permitted by the court).

### IV.     Check Payable to Plaintiff

In *McLeland v. Astrue*, this court held that the Commissioner should issue the check made payable to plaintiff, but deliver the check to plaintiff's counsel.  *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, C.J.).  The same result is compelled here.  Accordingly,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 18] be GRANTED IN PART, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Kathleen Miles for attorney fees in the amount of  $1,779.00 (11.86 hours at $150.00 per hour).

IT IS FURTHER RECOMMENDED that the motion [doc. # 18] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 14th day of June 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE